T. L. EMERY and wife v. THE RALEIGH AND GASTON RAIL-ROAD COMPANY.

*Petitions to Rehear may be filed during Term at which the Case is decided—The Code, §§ 966, 968; Ch. 41, Laws 1887.*

Sections 966 and 968 of *The Code* are *in pari materia*, and must be con-strued together. As § 968 has been amended by ch. 41, Laws 1887, so as to require the decisions of the Supreme Court to be certified to the lower courts during the term, thus placing them beyond the control of this Court in term-time, the reason for requiring peti-tions to rehear to be filed only in vacation (as is done by § 966) has ceased, and such petitions may now be filed during the term at which the opinion is filed. In amending § 968 the Legislature also amended § 966, and modified the rule of the Supreme Court regulating petitions to rehear.

After the decision of this case at this term the defendant moved the Court to direct that the certificate of the decision of affirmation should not be certified to the Court below until the end of the term. The motion was denied for reasons stated in the opinion.

MERRIMON, J. At the present term the judgment appealed from in this case was affirmed more than ten days next before the first Monday in the present month (April), and the defendant, by motion, asks the Court to direct that the cer-tificate of the decision of affirmation shall not be sent to the Superior Court until after the end of the term, to the end it may, in vacation, file its petition to *rehear* and apply for an order to restrain the issuing of an execution, as allowed by the statute (*The Code*, § 966).

We think this motion unnecessary, because the defendant can at once file its petition to *rehear*, and if a Justice of this Court shall "endorse thereon that, in his opinion, the case is a proper one to be reheard," as allowed by Rule 12, § 2,

it will be docketed, and application can then be made for an order to restrain the issuing of execution, or the collection of the same if issued.

The statute (*The Code*, § 968) provided that "the Clerk (of this Court) shall, immediately after the rise of each term thereof, transmit, by some safe hand, or by mail, to the Clerks of the Superior Courts, certificates of the decisions of the Supreme Court in cases sent from said Court," &c. This statutory regulation has been amended by the statute (Acts 1887, ch. 41), so as to require the Clerk of this Court to so transmit the decisions thereof "on the first Monday in each month * * * which have been on file ten days." This amendment also affects and modifies the statute (*The Code*, § 966), which prescribes that "a petition to rehear may be filed during the vacation succeeding the term of Court at which the judgment was rendered, or within twenty days after the commencement of the succeeding term," &c. The two sections (968 and 966) cited are *in pari materia*, and must be construed together; as by the former the certificate of the decisions of this Court were required to be transmitted to the Superior Court after the term ended, the latter provided that a petition to rehear might be filed at any time in vacation, and the petitioner had opportunity to apply for an order to restrain the issuing of execution, or the collection of the same if issued. This regulation has been changed, as above indicated, so that such certificates must be sent to the Superior Courts, on the first Monday in each month, of all decisions that have at that time been on file ten days; and thus, ordinarily, the decisions pass beyond the control of this Court in term-time, with the same effect as formerly they did after the end of the term. The reason why, formerly, the petition to rehear was filed in vacation, seems to have been, that during the term the decision was *in fieri*, and the Court could correct errors without a rehearing; it could not after the term, because, then, the case had passed beyond

its control, and hence an application to rehear became necessary. As now the case passes beyond the control of the Court during the term, the statute (*The Code*, § 966) allowing a petition to rehear is in effect correspondingly so changed as to allow it to be filed in term-time after the time the certificate of the decision is required by law to be transmitted to the Clerk of the Superior Court. Otherwise a material part of the statutory provison last cited would, or might be, defeated. There is no just reason why this should be so, nor did the Legislature so intend. In amending one of the two sections cited, it amended both, and as well modified the *rule* of this Court applicable in such cases.

The motion must therefore be denied.

Motion denied.